IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>$39,715.00 in U.S. Currency,<br><br>　　　　　　Defendant in Rem. | No. 3:21-CV- |

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

Pursuant to Supplemental Rule G(2) of the Federal Rules of Civil Procedure, the United States of America alleges this *in rem* complaint for forfeiture against $39,715.00 in U.S. currency ("Defendant Property"):

**NATURE OF THE ACTION**

**1.** This is a forfeiture action under 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C). The United States seeks the forfeiture of the Defendant Property, because it is moneys furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, and/or property intended to facilitate such an exchange in violation of 21 U.S.C. §§ 841(a) and/or 846. The Defendant Property is also subject to forfeiture under 18 U.S.C. § 981(a)(1)(C), because it was property which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1952, a specified unlawful activity as defined in 18 U.S.C. §§ 1957(c)(7) and 1961(1).

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1345 and 1355(a), and in rem jurisdiction is proper under 28 U.S.C. § 1355(b).

3. Venue in this Court is proper under 28 U.S.C. §§ 1355(b)(1)(A) and 1391(b), because acts or omissions giving rise to the forfeiture occurred in the Northern District of Texas and a substantial part of the events giving rise to the forfeiture occurred in the Northern District of Texas.

## PARTIES

4. The Plaintiff is the United States of America.

5. The Defendant Property is $39,715.00 in U.S. currency.  The Defendant Property was seized from Jamichealon Porter at DFW Airport, Texas, on May 10, 2022. On May 12, 2022, it was deposited into a Loomis bank account in Dallas, Texas.

6. Jamichealon Porter, a resident of North Richland Hill, Texas, claimed the Defendant Property on August 10, 2022, and sought judicial referral.

## FACTS

7. The factual basis for the forfeiture in this case involves an investigation by the DEA Dallas Airport Interdiction Group ("DEA Task Force") at DFW Airport ("DFW").  One of the DEA Task Force's responsibilities at DFW is to investigate the use of the airport and the airlines that service the airport to perpetrate or facilitate the illegal transportation of proceeds obtained from criminal conduct including drug trafficking.

8. Those trafficking in illegal narcotics must often find a way to transport the proceeds of their criminal conduct without drawing the attention of law enforcement. Air travel is one mode used by the traffickers or couriers working for or with them to transport such proceeds. The use of air travel allows drug traffickers to keep their ill-gotten gains "off the books" and outside the banking system, which they know is regularly monitored by banking and governmental authorities.

9. Investigators with the DEA Task Force are specially trained and learn by experience how to identify those who are using the federal aviation system to facilitate narcotic trafficking.

10. On May 10, 2022, DEA Task Force members including Special Agent Sean Kassouf, Special Agent Olga Ardley, Special Agent Mark Adams, and Task Force Officers ("TFOs") Phil Harris and Eric LaCross were conducting interdiction operations on American Airlines flight 2853 flying from DFW to Los Angeles, California.

11. TFO Harris is a certified handler of Gizmo, a specially trained canine. Gizmo is a certified narcotics odor detection canine. Both are certified by the National Narcotic Detector Dog Association. Gizmo can detect the odors of four controlled substances including marijuana, cocaine, heroin, and methamphetamine.

12. TFO Harris observed Gizmo give a positive alert for the presence of an odor of narcotics during an open-air sniff on luggage belonging to Jamichealon Porter.

13. TFO Harris authored a search warrant for the luggage, which was signed by Grapevine municipal judge Wayland.

14. TFO LaCross and SA Ardley were on the jet bridge as passengers were boarding flight 2853 to Los Angeles. TFO LaCross observed a male passenger, believed to be the owner of the luggage, Jamichealon Porter. TFO LaCross approached the passenger and verbally identified himself with his name and badge.

15. TFO LaCross asked if he could speak to Porter about his travels, and he agreed.

16. TFO LaCross asked Porter to see his boarding pass and identification. During the encounter, TFO Harris noticed Porter appeared nervous. In TFO LaCross's experience and based on his training, such unusual nervousness is potentially a sign that a person may be hiding something.

17. Porter confirmed he was flying from DFW to Los Angeles on American Airlines flight 2853. Porter explained that he was traveling to California for pleasure, and planned to stay for a couple of days with his brother, who had flown out to California the day before.

18. TFO LaCross asked Porter if he was carrying any large amounts of U.S. currency. Porter paused, and stated that he did not have any.

19. When asked why a K-9 would alert on his checked bags, Porter replied he did not know why. TFO LaCross asked if Porter had anything illegal in his bags, and

Porter denied having anything illegal in his bags. Porter stated the contents of the bags belonged to his brother, and his brother had packed the bags.

20. TFO LaCross asked Porter for consent to search his bag and Porter agreed as witnessed by SA Kassouf and SA Ardley.

21. After he gave verbal consent to search his bags, Porter changed his story and said that he knew there was U.S. currency in the luggage but did not know how much.

22. The officers began searching Porter's bags. In one suitcase, they found a number of large rubber banded bundles of U.S. currency inside a box, as depicted below:



23. Certified canine Gizmo alerted to the presence of a narcotic odor on this currency.

24. Other than the bundled cash, the suitcase contained only laundry freshening beads and bed sheets, as depicted below:



25. The second piece of luggage belonging to Porter did not contain anything.

26. The money seized from Jamichealon Porter totaled $39,715.00. In SA Kassouf's experience, possession of such a large amount of currency is not typical of legitimate airport travelers.

**FIRST CAUSE OF ACTION**
**21 U.S.C. § 881(a)(6)**
**(forfeiture of property related to drug trafficking)**

1. The United States reasserts all allegations previously made.

2. Under 21 U.S.C. § 881(a)(6), "moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds

traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of" 21 U.S.C. § 801 et seq. are subject to forfeiture.

3. Under 21 U.S.C. § 841(a), it is "unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." An attempt or conspiracy to do the same is also prohibited by 21 U.S.C. § 846.

4. As set forth above, the Defendant Property is moneys furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, and/or property intended to facilitate such an exchange in violation of 21 U.S.C. §§ 841(a) and/or 846. This property is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## SECOND CAUSE OF ACTION
### 18 U.S.C. § 981(a)(1)(C)
### (forfeiture related to violation of the Travel Act)

5. The United States reasserts all allegations previously made.

6. Under 18 U.S.C. § 981(a)(l)(C), any property which constitutes or is derived from proceeds traceable to an offense constituting a "specified unlawful activity," or a conspiracy to commit such offense, is subject to forfeiture to the United States.

7. Under 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1), interstate travel or transportation in aid of racketeering enterprises in violation of 18 U.S.C. § 1952 is a specified unlawful activity.

8. 18 U.S.C. § 1952(a) prohibits, inter alia, any individual who uses "any facility in interstate or foreign commerce,":

> with the intent to –
>
> (1) distribute the proceeds of any unlawful activity; or [ ]
> (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity"

from thereafter performing or attempting to perform the conduct described in subparagraphs (1) and (3) above.

9. 18 U.S.C. § 1952(b) specifically includes within the definition of "unlawful activity" "any business enterprise involving . . . narcotics or controlled substances (as defined in section 102(6) of the Controlled Substances Act)."

10. As set forth above, the Defendant Property is property which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1952. This property is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(l)(C).

## REQUEST FOR RELIEF

WHEREFORE, the United States respectfully asserts that the Defendant Property is forfeitable to the United States under 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C).

The United States further requests:

    A.    That, pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule G(3)(b)(ii), the Clerk of the Court issue a Summons and Warrant of Arrest *in Rem* as to the Defendant Property.

    B.    That Notice of this action be given to all persons known or thought to have an interest in or right against the Defendant Property;

    C.    That a Judgment of Forfeiture be decreed against the Defendant Property;

    D.    That upon the issuance of a Judgment of Forfeiture, the United States Marshals Service or its delegate be able to dispose of the Defendant Property according to law; and

    E.    That the United States receives its costs of court and all further relief to which it is entitled.

DATED this 8th day of November, 2022.

        CHAD E. MEACHAM
        UNITED STATES ATTORNEY

        */s/ Elyse J. Lyons*
        Elyse J. Lyons
        Assistant United States Attorney
        Texas Bar No. 24092735
        1100 Commerce Street, Third Floor
        Dallas, Texas 75242-1699
        Telephone: 214-659-8774
        Facsimile: 214-659-8805
        Elyse.lyons@usdoj.gov

        ATTORNEY FOR PLAINTIFF

## VERIFICATION

I am a Special Agent with the Drug Enforcement Agency (DEA). As a Special Agent with the DEA, my duties and responsibilities include participating in the investigation and prosecution of persons who violate federal laws.

I have read the contents of the foregoing Complaint for Forfeiture *In Rem* and verify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the factual statements contained therein are true and correct to the best of my knowledge and belief.

Executed on this  02   day of November 2022.

_____
Special Agent Sean Kassouf
Drug Enforcement Agency